FILED
U.S. District Court
District of Kansas
11/24/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOSE LEONEL GAMEZ RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>Warden, Midwest Regional Reception Center;<br>Field Office Director, ICE ERO;<br>Acting Director, ICE;<br>Secretary, DHS; and<br>United States Attorney General,<br><br>Respondents. | ) | Case No. 26-3395-JWL |

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.[1]

Petitioner, a native of Mexico, alleges that he has been detained since August 12, 2026, by immigration officials pending removal proceedings. He is presently in custody in this judicial district. On September 30, 2026, the immigration court conducted a hearing and denied petitioner's request for release on bond, finding that petitioner was a flight risk; and petitioner's appeal of that decision to the Board of Immigration Appeals (BIA) is

[1] Petitioner's motion to proceed in this case without payment of the filing fee (Doc. # 2) is hereby **denied as moot** in light of petitioner's subsequent payment of the fee.

pending. On October 19, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

As petitioner concedes, this Court lacks jurisdiction to consider a challenge to his bond determination by the immigration judge (IJ). *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)). Petitioner insists that he does not challenge the IJ's discretionary decision regarding bond or ask the Court to re-weigh the evidence before the IJ, but instead challenges the manner in which the hearing was conducted and the constitutional and statutory adequacy of that hearing. The Court therefore assumes that it has jurisdiction to address that narrow claim as presented by petitioner.

The Court first concludes that petitioner has not properly exhausted his administrative remedies because his BIA appeal has not yet been resolved. As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The Court agrees with respondents that requiring petitioner to have completed his appeal to the BIA

is warranted here, as petitioner's particular complaints – including the alleged mischaracterization at the hearing of the arrest account and the IJ's alleged failure to credit factors in his favor – relate more to the weight and sufficiency of the evidence and are thus more appropriately considered by the BIA.

The Court also denies petitioner's claims on the merits, as petitioner has not shown that his bond hearing violated the statutes or due process.[2] At the hearing, petitioner was represented by counsel who argued the merits of the bond request concerning whether petitioner posed a risk of flight. Petitioner argues that the IJ did not actually consider his individual circumstances and thus denied him the required individualized determination. As petitioner concedes, however, in finding a risk of flight, the IJ expressly relied on facts specific to petitioner, including his (and his fellow vehicle occupants') refusal to roll down the windows or to answer questions at the time of his detention; petitioner's failure to show up for his most recent appointment with immigration officials; and the questionable timeliness and merits of his application for relief from removal. Petitioner complains that the IJ did not consider alternatives to detention, but of course, that was the entire purpose of the hearing – whether petitioner should be released on bond as an alternative to detention. Petitioner further complains that the IJ should not have effectively pre-judged his relief application; but he has not disputed that the viability of the application may be a relevant consideration for the IJ. Petitioner also challenges the absence of a full written decision by the IJ. As respondents note and as petitioner does not dispute, however, the

[2] Petitioner has not disputed respondents' account of what occurred at the bond hearing.

applicable regulations permit an oral statement of the reasons for the decision, and petitioner has not shown that due process requires more. *See* 8 C.F.R. § 1003.19(f); *see also Castillo Polo v. Warden, Midwest Reg. Reception Center*, 2026 WL 33399800, at *2 (D. Kan. Nov. 5, 2026) (Lungstrum, J.) (rejecting such a claim). In sum, petitioner had the opportunity to present his case for release on bond; the IJ's decision was supported by valid reasons, stated on the record, and thus that decision was not arbitrary; and this Court may not re-weigh the factors that may have been relevant to petitioner's bond request. The Court therefore denies petitioner's claims based on his argument that his bond hearing was inadequate.

Finally, the Court denies petitioner's claim that the Government should have borne a heightened burden of proof at the bond hearing. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.). The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed in this case without payment of the filing fee (Doc. # 2) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 24th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge